**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MELKIS OREYANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:23-CV-36 SNLJ |
| | ) | |
| BILL STANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. Self-represented plaintiff Melkis Oreyana initiated this case on March 17, 2023 pursuant to 42 U.S.C. § 1983 against Warden Bill Stange, in his official capacity only, and Correctional Officer Aaron R. Raines, in his individual capacity only. ECF No. 1. Both defendants are alleged to be employees of the Southeast Correctional Center ("SECC") in Charleston, Missouri. Plaintiff alleged he was inappropriately assigned to administrative segregation, denied "phone calls/visits etc.," and refused "access to mental health." ECF No. 1 at 4. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2.

On May 3, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and granted his motion to proceed *in forma pauperis*. ECF No. 5. The Court determined his claims against defendants were subject to dismissal. The Court explained the official capacity claim against Warden Stange was barred by sovereign immunity and failed to state a claim because a state agent is not a "person" for purposes of § 1983. ECF No. 5. As to plaintiff's individual capacity claim against officer Raines, the Court noted plaintiff's failure to include how he was personally responsible for the alleged constitutional violations. In consideration of plaintiff's self-represented

status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until June 2, 2023, to file an amended complaint.

As of the date of this Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's May 3, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of June, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE